1   FOLGER LEVIN & KAHN LLP
    Andrew J. Davis (CSB No. 203345, ddavis@flk.com)
2   Embarcadero Center West
    275 Battery Street, 23rd Floor
3   San Francisco, CA 94111
    Telephone: (415) 986-2800
4   Facsimile: (415) 986-2827

ORIGINAL FILED

E-filing

JUL 17 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5   Attorneys for Defendant
    LANDMARC CAPITAL & INVESTMENT CO.
6

7

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10

11   GABRIELA TATRANSKA and          Case No.
     DRAHOTIN TATRANSKY,
12                                    CV 08        3450
                Plaintiffs,
13                                    **NOTICE OF REMOVAL OF ACTION**
     v.                               **UNDER 28 U.S.C. SECTION 1441(b)**
14                                    **(FEDERAL QUESTION)**
     LANDMARC CAPITAL &
15   INVESTMENT CO., STEVEN
     DAGGETT, FIDELITY NATIONAL
16   TITLE INSURANCE COMPANY, DOES    Complaint Filed in State Court:  June 6, 2008
     1 THROUGH 25, INCLUSIVE,
17
                Defendants.
18

19   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20          PLEASE TAKE NOTICE that Defendant Landmarc Capital & Investment Co.

21   ("Landmarc") hereby gives notice of removal of the above-captioned action from the

22   Superior Court of California, County of Alameda, Case No. HG08391422, to the United

23   States District Court, Northern District of California, and state:

24          1.    On June 6, 2008, a civil action was commenced in the Superior Court of

25   California for the County of Alameda, Hayward Branch, by the filing of a complaint

26   entitled *Gabriela Tatranska and Drahotin Tatransky v. Landmarc Capital & Investment*

27   *Co., Steven Daggett, Fidelity National Title Insurance Company, Does 1 through 25,*

28   *inclusive,* Case No. HG08391422 ("the State Action") in the files of said court.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

1    2.    On information and belief, the first date of service of process on which any

2    of the defendants was served in this matter was on June 17, 2008, when Plaintiffs Gabriela

3    Tatranska and Drahotin Tatransky ("hereinafter "Plaintiffs") served Defendant Landmarc

4    Capital and Investment Co. with a copy of the Summons, Complaint, Alternative Dispute

5    Resolution (ADR) package, Civil Case Cover Sheet, and Notice of Case Management

6    Conference and Order in the State Action.

7    3.    On information and belief Landmarc is the only party thus far served in this

8    action.

9    4.    On information and belief, the remaining Defendant, Steven Daggett has not

10    yet been served. Defendant Steven Daggett indicated to Landmarc's counsel that he

11    would not oppose removal of this action. Defendant Fidelity National Title Insurance

12    Company has filed a Declaration of Nonmonetary Status, requesting removal from any

13    notice requirements concerning the State Action and has indicated to Landmarc's counsel

14    that they do not oppose removal.

15    5.    Attached hereto as Exhibit A is a true and correct copy of the Civil Case

16    Cover Sheet, Complaint for Rescission Other Equitable Relief and Damages, Summons,

17    Notice of Case Management Conference and Order, and Alternative Dispute Resolution

18    (ADR) Information Package, which constitutes all of the papers and pleadings served on

19    Landmarc in the State Action.

20    6.    Attached hereto as Exhibit B is a true and correct copy of the Proof of

21    Service of Summons, Notice of Judicial Assignment for All Purposes, and Declaration of

22    Nonmonetary Status, which constitutes all of the remaining papers and pleadings filed

23    thus far in the State Action.

24    7.    Jurisdiction: This action is a civil action of which this Court has original

25    jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by

26    Defendants pursuant to 28 U.S.C. § 1441(b), in that it states claims arising under the Truth

27    in Lending Act (15 U.S.C. § 1601, *et seq.*, hereinafter "TILA"), the Home Ownership and

28    Equity Protection Act of 1994 (15 U.S.C. §§ 1602(aa) and 1639, hereinafter "HOEPA"),

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

1    and attorneys' fees as provided therein.  Pursuant to Local Rule 3-2(d), this action, which

2    was filed Alameda County should be assigned to the San Francisco/Oakland Division.

3        8.    Written notice of the filing of this Notice of Removal is being served on

4    Plaintiffs' counsel on this date, July 17, 2008.

5        9.    A true and correct copy of this Notice of Removal is being filed this date,

6    July 17, 2008, with the Clerk of the Superior Court for the State of California, County of

7    Alameda, Hayward Branch.

8        10.    In that this Notice of Removal is filed within 30 days of the receipt by

9    Landmarc of the Summons and Complaint, removal of this action is timely.  28 U.S.C.

10    §1446(b); *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

11    119 S.Ct. 1322, 1329 (1999) (removal period runs from simultaneous service of summons

12    and complaint).

13        WHEREFORE, Landmarc hereby requests that the civil action now pending

14    against it in the Superior Court of California, County of Alameda, be removed to this

15    Court as provided by law.

16    Dated: July 17, 2008

                    FOLGER LEVIN & KAHN LLP

17

18                    Andrew J. Davis
                    Attorneys for Defendant

19

20            LANDMARC CAPITAL & INVESTMENT CO.

21

22

23    00001\0218\609965.1

24

25

26

27    C:\NrPortbl\iManage\AJD\610121_1.DOC
      00001\0218\610121.1

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. SECTION 1441(B) (FEDERAL QUESTION);
CASE NO. (ALAMEDA SUPERIOR HG08391422)

# EXHIBIT A

*5379362*

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)



FILED
ALAMEDA COUNTY

JUN 0 6 2008

CLERK OF THE SUPERIOR COURT
By _Cecilia Amchundo_
                                    Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LANDMARC CAPITAL & INVESTMENT CO., STEVEN
DAGGETT, FIDELITY NATIONAL TITLE INSURANCE
COMPANY, DOES 1 THROUGH 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GABRIELA TATRANSKA and DRAHOTIN
TATRANSKY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **Superior Court of California<br>County of Alameda<br>24405 Amador Street<br>Hayward, CA 94544** |

CASE NUMBER:
*(Número del Caso):* HG 08 391422

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Glen L. Moss (sbn 44307)      Tel. 510-583-1155
1297 B Street
Hayward, CA 94541

DATE:
(JUN 0 6 2008) PAT SWEETEN                     Clerk, by _Cecilia Amchundo_                    , Deputy
            EXECUTIVE OFFICER/CLERK            *(Secretario)*                                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

*5379366*

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Glen L. Moss
1297 B Street
Hayward, CA 94541
TELEPHONE NO.: 510 583 1155    FAX NO.: 510 583 1299
ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME:

CASE NAME: Tatranska et al.
vs. Landmarc Capital & Investment Co. et al

**FILED**
ALAMEDA COUNTY

JUN 0 6 2008

CLERK OF THE SUPERIOR COURT
By Cecilia Ornchundo    Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: HG08391422 |
|---|---|---|
| XX Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

Items 1–5 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☒ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  XXX is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. XXX monetary   b. XXX nonmonetary; declaratory or injunctive relief   c. XXX punitive

4. Number of causes of action (specify): 4

5. This case ☐ is  XX is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 6, 2008
Glen L. Moss
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov
Rose Printing Catalog #CM-010

Glenn L. Moss (State Bar No. 44307)
Ann Murphy (State Bar No. 66947)
MOSS and MURPHY
1297 B Street
Hayward, Califronia 94541

Tel: (510) 583-1155
Fax: (510) 583 1299

Attorneys for Plaintiffs,
Gabriela Tatranska and
Drahotin Tatransky

F I L E D
ALAMEDA COUNTY

JUN 0 6 2008

CLERK OF THE SUPERIOR COURT
By _Cecilia Amchundo_
                                    Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

HAYWARD BRANCH - UNLIMITED JURISDICTION

| | |
|---|---|
| GABRIELA TATRANSKA and DRAHOTIN TATRANSKY, | No. HG08391422 |
| Plaintiffs, | COMPLAINT FOR RESCISSION OTHER EQUITABLE RELIEF AND DAMAGES |
| vs. | |
| LANDMARC CAPITAL & INVESTMENT CO., STEVEN DAGGETT, FIDELITY NATIONAL TITLE INSURANCE COMPANY, DOES 1 THROUGH 25, INCLUSIVE, | |
| Defendants. | |
| _____/ | |

I

GENERAL ALLEGATIONS

[All Causes of Action]

1.    Plaintiffs are from Eastern Europe.   English
is the third and fourth language of plaintiffs.

2.    Defendant, Landmarc Capital & Investment Co.
[Landmarc], is a corporation regularly engaged in the
business of loaning money payable by written agreement in

-1-

more then four installments for which a finance charge is imposed to consumers, such as plaintiffs. This corporation is headquartered in Arizona and does business in California. Plaintiffs are uncertain of the place of incorporation of this defendant.

3. Defendant, Steven Daggett [Steven], is licensed by the State of California Department of Real Estate as a salesperson. Plaintiffs are uncertain of the licensed real estate broker, who employed Steven. This broker is designated as Doe 1 and the company that employs the broker is designated as Doe 2.

4. Plaintiffs do not know the true names and capacities, whether corporate, associate, or individual, of defendants sued herein as DOE 1 through DOE 25 and, for that reason, have sued said defendants by such fictitious names, and plaintiffs pray leave to insert the true names and capacities of said defendants when the same are ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the defendants designated herein as a DOE is negligently or otherwise responsible in some manner for the events and happenings referred to and by such negligence or other fault, has proximately caused the wrongful injuries of the plaintiffs as herein alleged.

5. This Court has unlimited jurisdiction over the persons and subject matter since the amount in controversy exceeds $25,000.00. The loans, which are the subject of this lawsuit, were made in California for the

-2-

purpose of allowing plaintiffs to finish construction of
their principal residence.  Said home is located in
Hayward, California.  Moreover, the loan contract and
other documents were negotiated within the jurisdiction
of this Court.

6.  In April, 2007 plaintiffs were building a new
home in Hayward which they intended to occupy as their
principal residence.  They needed to borrow at least
$771,000.00 and spoke with Steven about securing these
needed funds.  Steven represented to plaintiffs that he
was a licensed mortgage broker and that the best loan for
which plaintiffs would qualify, was from Landmarc.
Plaintiffs relied on Steven and signed the required loan
documents at the home of the contractor.  Before the loan
closed, plaintiffs received no copies of any of the loan
documents.  In particular, they did NOT receive the
documents required by the Truth in Lending Act [15 USC
§1601 et seq, hereinafter TILA] and by the Home Ownership
and Equity Protection Act of 1994, 15 USC §1602(aa) and
1639, hereinafter HOEPA].

7.  Prior to securing the loan from Landmarc,
Steven knew that the purpose of this loan was to allow
plaintiffs to complete construction of a home that would
be the principal residence of plaintiffs.

8.  Prior to making the loan which is the subject
of this lawsuit, Landmarc also knew this was a consumer
loan, which would be used to allow plaintiffs to finish
the construction of a home that would be used as the

-3-

principal residence of plaintiffs. Landmarc and the other defendants conspired to deprive plaintiffs of the protections of TILA and HOEPA to which they were entitled. In particular, defendants sought security interests in plaintiffs' investment properties instead of their principal residence or the new principal residence which was the purpose of this loan.

9. As a condition precedent to making the loan of $771,000.00, Landmarc insisted that plaintiffs pay off the existing loans on investment properties that were being pledged as security. The loan was made on May 21, 2007. The funds were distributed as provided in the Closing Instructions prepared by First American Title, which are attached as Exhibit A, together with the additional demands of Steven which are also included as part of Exhibit A.

10. Plaintiffs have not received a complete copy of the Note. The portions of the Note which they received are attached as Exhibit B.

11. The Deed of Trust recorded to secure the Note is attached as Exhibit C. The eight properties of plaintiffs, which were pledged as security pursuant to this Deed of Trust, are included as part of Exhibit C. Each Deed of Trust identifies Fidelity National Title Insurance Company as the Trustee. Fidelity National Title Insurance Company is named as a defendant only in its capacity as Trustee. As provided in California Civil Code Section 2934(1), no Answer is required of the

-4-

ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

Trustee if it agrees to abide by the decisions of this Court, and recognizes the Rescission of the Note and Deed of Trust as provided in this lawsuit.  This Trustee must cooperate with the Court Orders requiring reconveyance of the Deed of Trust, so that plaintiffs may pay off the loan and secure new financing as required by TILA and HOEPA.

### FIRST CAUSE OF ACTION

[Rescission of Transaction Pursuant to TILA and HOEPA:

Against All Defendants]

12.   Plaintiffs incorporate all the allegations in paragraphs 1 through 11 as if set forth in full.

13.   The above mentioned consumer credit transaction was a high rate mortgage within the meaning of HOEPA, 15 USC §1602(aa)(1)(B), in that the total points and fees as defined in that section that Landmarc charged plaintiffs exceeded 8 percent of the total loan amount.  Moreover, the annual percentage rate at consummation of the transaction exceeded by more than 8 percentage points, the yield on Treasury securities having comparable periods of maturity on the 15th of the month immediately preceding the month in which Landmarc received the credit application of plaintiffs.

14.   Contrary to the provisions of 15 USC §1639(e) and Regulation Z §226.32(d)(1), the instant one year obligation contained a balloon payment.  This balloon payment was equal to the entire principal amount, $771,000.00. This balloon payment was due by June 2008.

-5-

ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

15.   Contrary to the provisions of 15 USC §1639(d) and Regulation Z §226.32(d)(4), the instant loan contained a prohibited interest rate provision.   In particular, the stated interest rate in the note, 15% per annum, increased to 30% per annum in the event of a default on a monthly payment.

16.   Neither Landmarc, Steven nor anyone else provided plaintiffs the disclosure statements required by TILA and HOEPA.

17.   Because of the violations of HOEPA and TILA listed in paragraphs 1 through 16, inclusive, plaintiffs retained the right to rescind the transaction up to three years after its consummation on May 21, 2007.  By this Complaint, plaintiffs hereby exercise this right of rescission.  Plaintiffs tender to defendants the full amount due as provided by law.  The amount due is the amount financed less all loan charges and costs associated with the loan and all payments made to date. Plaintiffs will promptly pay the net balance due as provided herein and upon the reconveyance of the security interests recorded as part of this transaction.  In this connection plaintiffs wish to call to your attention the provisions of 15 USC §1635, Regulation Z §226.23. Pursuant to these provisions, the security interest is VOID upon receipt of this Complaint advising you that plaintiffs have exercised their right of rescission. Plaintiffs expect that defendants will take all reasonable steps to reconvey the security interests

-6-

within 20 days of receipt of this Complaint, thereby avoiding liability for further damages as provided in 15 USC §1635(b).

18.   If these expectations prove erroneous, plaintiffs will seek the assistance of this Court through issuance of a temporary restraining order and preliminary injunction on such terms as the Court deems just and proper.   The purpose of said injunctions will be to prevent the loss of plaintiffs' properties and insure the reconveyance of the security interests pursuant to the rescission provisions of TILA, HOEPA and parallel state laws.

### SECOND CAUSE OF ACTION

[Damage Claim for Violation of TILA and HOEPA:   Against All Defendants]

19.   Plaintiffs incorporate by reference all the allegations in paragraphs 1 through 18, as if set forth in full.

20.   Steven, and Does 1 and 2, are arrangers of credit as that term is defined in HOEPA.   On information and belief, plaintiffs allege that said defendants made two or more mortgages which qualify for coverage under the triggers of HOEPA.   As such, these loan brokers are liable to plaintiffs for the statutory and general damages incurred in connection with this transaction.   In addition, Landmarc is responsible for such damages as the actual lender.

21. In addition, plaintiffs are entitled to

-7-

recover their attorney fees pursuant to the provisions of
HOEPA and TILA.    Moreover, the attorney fee provisions of
HOEPA and TILA pre-empt any contrary attorney fee
provisions of contract law enforceable under the state
laws of either Arizona or California.

22.    Among the damages to which plaintiffs are
entitled are all the finance charges and fees plaintiffs
paid.    In addition, plaintiffs are entitled to receive
their general damages and the statutory damages as
provided in TILA and HOEPA

### THIRD CAUSE OF ACTION

[Breach of Fiduciary Duties: Only Against Steven and Does
1 and 2]

23.    Plaintiffs incorporate by reference all the
allegations in paragraphs 1 through 22, as if set forth
in full.

24.    At all times relevant, a fiduciary
relationship existed between plaintiffs, Steven and Does
1 and 2.    Said defendants were retained in 2007 to
provide honest advice to plaintiffs regarding their
financial problems.    As plaintiffs' agents, these
defendants were expected to honestly represent the terms
of any new loans, compare the benefits and burdens of the
prospective new loans, and secure for plaintiffs the best
loan for which they were eligible.    Said defendants were
required to clearly and accurately explain the monetary
obligations connected with each loan.    In addition, said
defendants accepted the responsibility to secure the best

-8-

ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

possible loan available in the marketplace for plaintiffs
and to explain the available options in clear, concise,
and accurate language.

25.   On information and belief, plaintiffs allege
that these fiduciaries failed to seek alternatives to the
clearly usurious loan provided by Landmarc.   This is
especially true since plaintiffs have excellent credit
and earnings in excess of $250,000.00 per year.   Thus,
plaintiffs would easily have qualified for a loan on
substantially better terms then those set forth in the
Landmarc loan.

26.   As a result of the misrepresentations and
false information provided and the actions of these
fiduciary agents in concealing or obfuscating the facts,
plaintiffs may lose their investment properties that
served as the collateral for this consumer loan for their
principal residence.   As licensed professionals, they
acted against the interests of their clients and
attempted to evade the provisions of TILA, HOEPA and
their fiduciary responsibilities.   In particular, they
hoped by using the investment properties as the
collateral instead of the principal residence, that they
could deprive plaintiffs of these consumer protections.
Such misconduct constitutes a breach of the fiduciary
obligations of said defendants as a mortgage broker as
summarized in <u>Wyatt v. Union Mortgage Co</u>. (1979) 24 Cal
3d 773, 157 Cal Rptr 392, and California Civil Code
§1573(1).

-9-

A

Loan Number: 07051063

------------------------------ CLOSING INSTRUCTIONS ------------------------------
Reference:

From: FIRST AMERICAN TITLE

Borrower: GABRIELA TATRANSKA,
DRAHOTIN TATRANSKA

To: Landmarc Capital & Investment Company
4110 North Scottsdale Road, Suite 330
Scottsdale, Arizona 85251

Owners of Record: GABRIELA TATRANSKA,
DRAHOTIN TATRANSKA

**(A) SPECIAL CLOSING INSTRUCTIONS:**
a   Don't close this loan until we fax you written authorization!
b   Overnight the closed package to us immediately following closing.
c   Make certain your Purchase Price matches ours (below); do not close if different.
d   Check that you have all the closing docs! Use the checklist (Section P) M Closing Agent is responsible for this.
e   Prior to closing, fax to us: ALTA TITLE POLICY LISTING ALL PROPERTIES ATTACHED.
f   ESCROW OFFICER TO SIGN INSTRUCTION PRIOR TO FUNDING
g   **SEE ATTACHED ADDENDUM TO CLOSING INTRUCTIONS**

**(B) TERMS:**

| | | |
|---|---|---|
| Collateral | SEE EXHIBIT "A", , ARIZONA | |
| Sales Price, if purchase | | |
| Loan Amount | , 771,000.00 | Seller-Paid Costs |
| Loan Type | CONVENTIONAL | Document Date MAY 18, 2007 |
| Interest Rate | 15.000 | Close Date MAY 18, 2007 |
| Term/Amortization | 12 | Disburse Date MAY 21, 2007 |
| Lien Position | Second | First Payment Due JULY 1, 2007 |
| Earnest Money Deposit | | Occupancy |
| Prepayment Penalty | | Purchase/Refi |
| | | Subord. Financing      659,243.00 |

**(C) FEES, CHARGES, CREDITS, IMPOUNDS:**
Show the following Items, Fees, Charges and Impounds on the HUD-1

| HUD | Fee Description | Borrow-Pd | Seller-Pd | Paid: |
|---|---|---|---|---|
| 801 | Origination Fee $60,000.00 | 60,000.00 | | to: LANDMARC CAPITAL |
| 802 | Discount Fee | | | |
| 803 | Appraisal Fee | 325.00 | | to: PRIORITY APPRAISAL |
| 808 | Broker Fee | | | |
| 811 | Yield Spread Premium (POC $          ) | | | |
| 812 | Commitment Fee | 15.00 | | |
| **900.** | **Pay the following Items in Advance** | | | |
| 901 | O/D Interest ( 321.2500   /day for 11   days) | 3,533.75 | | |
| 903 | Hazard Insurance Premium | | | |
| 906 | Flood Insurance (     months at        /mo) | | | |
| **1000.** | **Deposited these Reserves with Lender** | | | |
| 1001 | Hazard Insurance (     months at        /mo) | | | |
| 1002 | Mortgage Insurance Impound | | | |
| 1003 | City Prop. Tax Impound | | | |
| 1004 | County Prop. Tax Impound | | | |
| 1009 | Aggregate adjustment is | | | |
| **1100.** | **Title Charges** | | | |
| 1101 | Settlement/Closing Fee | | | |
| 1102 | Abstract/Title Search | 600.00 | | to: FIRST AMERICAN TITLE |
| 1103 | Title Examination | | | |
| 1104 | Title Insurance Binder | | | |
| 1105 | Document Preparation | | | |
| 1106 | Notary Fee | | | |
| 1107 | Attorney Fee | 200.00 | | to: FIRST AMERICAN |
| 1108 | Title Insurance | | | |
| 1111 | Closing Agent Courier Fee | 2,654.00 | | to: FIDELITY AMERICAN TITLE |
| | | 60.00 | | to: FIRST AMERICAN |
| | COURIER FEE | 50.00 | | to: FIRST AMERICAN TITLE |
| **1300.** | **Additional Settlement Charges** | | | |
| 1301 | Survey | | | |
| 1302 | Pest Inspection | | | |
| 1303 | | | | |
| 1304 | | | | |

**(D) PAY OFF & VERIFY:**
Verify the following payoffs and show on the HUD-1. *(Closing Agent must verify all payoffs affecting title insurance including mortgages, liens, judgements, etc. Do not rely on our payoff estimates!! It is a condition to the funding of this loan that the following payoffs be made through this closing and shown on HUD-1)*

CLOSING INSTRUCTIONS
08/25/06                                          Page 1 of 3                    DocMagic eForms 800-649-1362
www.docmagic.com



**FedEx Kinko's.**
Office and Print Center

# Fax Cover Sheet

FedEx Kinko's of Walnut Creek, CA     Telephone: 925.934.8254   Fax: 925.934.8277

Date _____     Number of pages _____ (including cover page)

**To:**

Name LARRY FRATTINI

Company 1ST AMERICAN

Telephone _____

Fax _____

**From:**

Name STEVEN DAGGETT

Company _____

Telephone 925-382-0414

Comments PLEASE ADD ANOTHER DEMAND FOR STEVEN DAGGETT FOR $21,800 FOR APPRAISALS FINDERS FEES ETC.

More than 1,200 locations worldwide. For the location nearest you, call 1.800.2.KINKOS. Visit our website at fedexkinkos.com.

READ AND APPROVED BY _____

READ AND APPROVED BY _____

Dear Mr. Frattini;

This letter is a formal demand regarding the Tatransky escrow you are currently working on. You are hereby instructed to pay Mr. Steven Daggett the sum of $48,405.00 along with a separate check made payable to Mr. Jeff Mariani in the amount of $6,000.00. These fees are due at the closing of your escrow. If you should have any questions please feel free to call me at any time (925) 382-0414.

Steven Daggett

READ AND APPROVED
BY

READ AND APPROVED
BY

$\mathcal{B}$

Loan Number: 07051063

# BALLOON NOTE
## (FIXED RATE)

**THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.**

MAY 18, 2007        Scottsdale                                    ARIZONA
[Date]              [City]                                        [State]

SEE EXHIBIT "A", , ARIZONA
[Property Address]

## 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 771,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is Landmarc Capital & Investment Company, An Arizona Corporation

I will make all payments under this Note in the form of cash, check or money order; however, if any check is returned to Lender unpaid, I may be required to make payments by cash, money order or electronic funds transfer.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.  INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      15.000 % provided I am not in default of my obligation to make payments when due under this Note.

If I do not make any required payment by the time set forth in Section 6(A) of this Note, I shall pay to Lender interest on unpaid principal at the yearly rate of 30% until I cure such default.

## 3.  PAYMENTS

(A) Time and Place of Payments

I will make a payment every month. This payment will be for interest only. Therefore, the Principal balance of my loan will not decrease as a result of my monthly payments.

I will make my monthly payments on the 1st   day of each month beginning on JULY 1, 2007 , 2007      . I will make these payments every month until I have paid all of the interest, Principal and any other charges described below that I may owe under this Note. Each payment will be applied in the following order: to interest, to escrow items as required by the Deed of Trust, to other charges and then to Principal.

If, on JUNE 1, 2008      , which is called the "Maturity Date," I still owe amounts under this Note, I will pay those amounts in full on that date. If I pay all monthly payments exactly when due, the final ("balloon") payment of principal and unpaid interest due on the Maturity Date is estimated to be $ 780,637.50

DocMagic *eForms* 800-649-1362
www.docmagic.com

I will make payments at    P.O. Box 299, Scottsdale, Arizona 85252
, or at a different place if required by the Note Holder.

**(B)  Amount of Monthly Payments**

The amount of my monthly interest payment will be U.S. $ 9,637.50                 .  If required by the Note Holder, each month I will also pay the "Escrow Items" referred to in the Deed of Trust I sign to secure this Note.  Note Holder will notify me of such amounts.

## 4.  PREPAYMENT

I have the right to make payments of Principal at any time before they are due.  A payment of Principal only is known as a "Prepayment."  When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

If I make a full Prepayment or partial Prepayment(s) within    SIX    (  6  ) months of the date of this Note, I will pay a prepayment penalty in an amount equal to fifteen percent (15%) of the amount of the Principal Prepayment I make.  If I make a full or partial Prepayment after    SIX    (  6  ) months from the Note date, I may do so without paying any penalty.

The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount the Prepayment penalty, or other amounts due before applying my Prepayment to reduce the Principal amount of this Note.  If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5.  RETURNED CHECK CHARGE

I will pay to the Note Holder a fee if any check is returned to Note Holder.  The amount of such returned check charge shall be the greater of $25.00 or the amount permitted by law.

## 6.  LOAN CHARGES AND SEVERABILITY

If a law which applies to this loan and which sets maximum loan charges is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded the permitted limits will be refunded to me.  The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7.  SEVERABILITY

If any provision of this Agreement is held invalid, illegal, void or unenforceable by reason of any rule of law, administrative order or judicial decision, all other provisions of this Agreement shall nevertheless remain in full force and effect.

## 8.  BORROWER'S FAILURE TO PAY AS REQUIRED

**(A)  Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of five(5) calendar days after the date it is due, I will pay a late charge to the Note Holder.  The amount of the late charge will be fifteen percent (15%) of the amount of the late payment.  I will pay this late charge promptly, but only once on each late payment.  I also agree to pay interest at the default rate of 30% per year as set forth in Section 2 of this Note.

**(B)  Default**

If required by the Note Holder, each month I will also pay the "Escrow Items" referred to in the Deed of Trust I sign to secure this Note.  Note Holder will notify me of such amounts.

I will be in default if (i) I do not pay the full amount of each monthly payment on the date it is due; (ii) I do not comply with any term or condition of any other document I sign in connection with this Note, including, but not limited to the Deed of Trust or Compliance Agreement; (iii) I made a material misrepresentation on my application for the loan evidenced by this Note or in the documents provided to Lender; or (iv) I die.

---

DocMagic *eForms* 800-649-1362
www.docmagic.com

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least ten (10) days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, court costs and reasonable attorneys' fees and reconveyance fees.

## 9. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 10. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 11. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 12. GOVERNING LAW

This Note is governed by Arizona law to the extent not governed by federal law.

## 13. SECURED NOTE

This Note is secured by a Deed of Trust, dated the same date as this Note, which protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. For instance, if I sell, transfer or assign any right in the Property securing this Note, without Note Holder's prior written consent, the Note Holder may require immediate payment in full of all sums secured by the Deed of Trust. The Deed of Trust provides as follows:

If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

BALLOON NOTE (FIXED RATE) (NON-OWNER OCCUPIED)
01/22/07                                Page 3 of 4                    DocMagic *eFarms* 800-649-1362
                                                                       www.docmagic.com

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than ten (10) days from the date the notice is given in accordance with this Deed of Trust within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)        _____ (Seal)
GABRIELA  TATRANSKA        -Borrower      DRAHOTIN  TATRANSKA        -Borrower


_____ (Seal)        _____ (Seal)
                          -Borrower                                -Borrower


_____ (Seal)        _____ (Seal)
                          -Borrower                                -Borrower


                                              *[Sign Original Only]*

PAY TO THE ORDER OF:
  WITHOUT RECOURSE

Landmarc Capital & Investment Company, An Arizona Corporation

BY: _____


ITS: 

DocMagic *eFinance* 800-649-1362
www.docmagic.com

### Addendum to Balloon Note

This Addendum to Balloon Note ("Addendum") is made this **18**[th] day of **May 2007**, and is incorporated into and shall be deemed to amend and supplement that certain Balloon Note (Fixed Rate) (the "Note") made by the undersigned ("Borrower" or "I") in favor of Landmarc Capital & Investment Company ("Lender"), dated the same date as this Addendum. The Note is secured by a Deed of Trust in favor of Lender of even date herewith. Capitalized terms not defined in this Addendum have the same meanings set forth in the Note.

**Additional Covenants**

In addition to the covenants and agreements made in the Note, Borrower further covenants and agrees as follows:

1.      Beginning on the date that my first monthly payment is due, along with each monthly payment on the Note I shall pay to Note Holder the amount of my monthly payment due to **Washington Mutual**("First Mortgage Lender") pursuant to my note to First Mortgage Lender ("First Mortgage Note"), which is secured by a Deed of Trust in favor of First Mortgage Lender. I will make the monthly First Mortgage Note payments to Note Holder every month until the earlier of the date (a) I have paid the First Mortgage Note in full, or (b) I have paid the Note in full.

I understand that I may make a First Mortgage Note payment to Note Holder in the form of cash, check or money order; however, if I make the First Mortgage Note payment by check, Note Holder will hold such check for seven (7) days in order to ensure that the funds are "good" before Note Holder pays to First Mortgage Lender the monthly payment on the First Mortgage Note.

I understand that Note Holder need not accept a partial payment from me. A partial payment is a monthly payment which includes only the monthly payment due to the Note Holder and not the full amount of the payment according to this Addendum, which includes the monthly payment to the First Mortgage Lender.

2.      I will send to Note Holder a copy of all statements and letters I receive from the First Mortgage Lender within five (5) days of my receipt of such statement or letter.

3.      The Note is not modified except as amended by this Addendum. All terms and conditions of the Note not in conflict with this Addendum shall remain in full force and effect.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Addendum.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

................................................................. (Seal)
                                                                        -Borrower

................................................................. (Seal)
                                                                        -Borrower

................................................................. (Seal)
                                                                        -Borrower

*[Sign Original Only]*

## EXHIBIT "A"

**PARCEL 1:**
3233 EAST BROOKWOOD COURT, PHOENIX, AZ 85044
PARCEL #: 306-08-129

LOT 129, OF LAKEWOOD PARCEL 14 AND 15, ACCORDING TO THE
PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF
MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 393 OF MAPS,
PAGE 17.

**PARCEL 2:**
32 EAST DAWN STREET, TEMPE, AZ 85284
PARCEL #:301-61-477

LOT 53, OF WARNER RANCH MANOR, ACCORDING TO THE PLAT OF
RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA
COUNTY, ARIZONA, RECORDED IN BOOK 287 OF MAPS, PAGE 32 AND
CERTIFICATES OF CORRECTION IN DOCUMENT NO. 85-505927 AND
RECORDED IN DOCUMENT NO. 86-228144, BOTH OF OFFICAL
RECORDS.

**PARCEL 3:**
14608 SOUTH 47TH PLACE, PHOENIX, AZ 85044
PARCEL #:307-05-174

LOT 7, OF SILVERADO AT CRIMSON RIDGE, ACCORDING TO THE
PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF
MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 369 OF MAPS,
PAGE 24.

**PARCEL 4:**
11825 NORTH 29TH STREET, PHOENIX, AZ 85028
PARCEL #: 166-29-272

LOT 94, OF IRONWOOD EAST UNIT TWO, ACCORDING TO THE PLAT
OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF
MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 134 OF MAPS,
PAGE 50.

## EXHIBIT "A" – CONT PAGE

**PARCEL 5:**
5621 WEST FRYE STREET, CHANDLER, AZ 85226
PARCEL #:301-88-830

LOT 90, OF CARRINGTON PLACE, ACCORDING TO THE PLAT OF
RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA
COUNTY, ARIZONA, RECORDED IN BOOK 288 OF MAPS, PAGE 27.

**PARCEL 6:**
5225 NORTH 86TH DRIVE, GLENDALE, AZ 85305
PARCEL #:102-11-234

LOT 223, OF CAMELBACK PARK, ACCORDING TO THE PLAT OF
RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA
COUNTY, ARIZONA, RECORDED IN BOOK 313 OF MAPS, PAGE 41 AND
CERTIFICATES OF CORRECTION RECORDED AS 90-286983 AND AS 92-
0490691, BOTH OF OFFICIAL RECORDS.

**PARCEL 7:**
1652 NORTH NEVADA WAY, MESA, AZ 85203
PARCEL #:136-25-287

LOT 223, OF MANCHESTER PARK, ACCORDING TO THE PLAT OF
RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA
COUNTY, ARIZONA, RECORDED IN BOOK 269 OF MAPS, PAGE 42.

**PARCEL 8:**
6021 NORTH 10TH STREET, PHOENIX, AZ 85014
PARCEL #:161-14-149

LOT 3, OF HOMES HOMES, ACCORDING TO THE PLAT OF RECORD IN
THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY,
ARIZONA, RECORDED IN BOOK 191 OF MAPS, PAGE 4.

Loan Number: 07051063

# BALLOON PAYMENT DISCLOSURE
*Notice: Read Before Signing Your Loan Documents*

This loan provides for  11  monthly payments of: (check one)

[   ] principal and interest   [X] interest only

in the amount of $ 9,637.50  each. Assuming that all of the monthly payments have been paid exactly on the date that each is due, a final balloon payment of the then outstanding principal balance plus all earned interest remaining unpaid estimated to be in the amount of $  780,637.50  shall become due and payable on JUNE 1, 2008  (the "Maturity Date"). This loan is amortized over a  12  month period.

### DO NOT SIGN ANY LOAN DOCUMENTS IF YOU HAVE ANY QUESTIONS ABOUT YOUR LOAN PAYMENTS.

Unless otherwise expressly disclosed in the Note, or in an Addendum or a Rider to the Note, **THE LENDER IN THIS TRANSACTION IS UNDER NO OBLIGATION TO REFINANCE THE OUTSTANDING PRINCIPAL BALANCE OF THIS LOAN DUE ON THE MATURITY DATE.**  You may be required to payoff the entire principal balance, plus any unpaid interest due thereon, on the Maturity Date using personal assets.  If this Lender, or any other Lender, agrees to refinance the outstanding balance due on the Maturity Date, you may be required to pay the then prevailing interest rate, which may be higher or lower than the interest rate specified in the Note, plus loan origination costs and fees as are typically incurred when creating a new loan.

I hereby certify that the Borrower(s) have received an oral explanation of the balloon payment provisions of this loan.

ALL BORROWERS MUST SIGN AND DATE

I/We hereby acknowledge receipt of the above notice concerning the balloon payment provisions of this loan. I/We further acknowledge that these provisions have also been orally explained to me/us.

_____
(Signature of Loan Officer)

Loan Number: 07051063

# PREPAYMENT PRIVILEGE ADDENDUM TO NOTE

This "PREPAYMENT PRIVILEGE ADDENDUM TO NOTE" (hereinafter "Addendum") is made this 18th day of MAY, 2007 , and is incorporated into and shall be deemed to amend and supplement the Promissory Note (the "Note") of the same date made by the undersigned (the"Borrower") to Landmarc Capital & Investment Company, An Arizona Corporation

(the "Lender") which is secured by a Deed of Trust or Mortgage ("Security Instrument") on real property located at:

SEE EXHIBIT "A", , ARIZONA
[Property Address]

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Note, Borrower and Lender further covenant and agree that the paragraph entitled either "Borrower's Right To Prepay" or "Borrower's Payments Before They Are Due" whichever is applicable, found in the Note to which this Addendum is attached, is amended to include the following:

1.  Maker may prepay the Note in Whole or in part at any time during the term of the Note. In the event maker prepays any portion of the outstanding principal balance of the Note during the first   6   months of the Note, maker shall pay in addition to such prepayment (or as a deduction therefrom) a penalty in an amount equal to (15%) fifteen percent of the principal amount so paid.

2.  Holder shall apply any prepayment first to reduce any interest and charges, including the prepayment penalty, owing at the time of such prepayment, and then reduce the amount of the principal allowed under the Note, provided that such balance shall be applied to the principal in reverse order of the due date of each payment and shall not otherwise affect or delay the due date of the next payment provided under the Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants in this Prepayment Privilege Addendum To Note.

_____ (Seal)

C

### LIST OF HOMES PLEDGED AS SECURITY FOR THE LOAN

1.  3233 East Brookwood Court
    Phoenix, Arizona 85044

2.  6021 North 10th Street
    Phoenix, Arizona 85014

3.  11825 North 29th Street
    Phoenix, Arizona 85028

4.  14608 South 49th Place
    Phoenix, Arizona 85044

5.  5225 North 86th Drive
    Glendale, Arizona 85303

6.  5621 Frye Street
    Chandler, Arizona 85226

7.  1652 North Nevada Way
    Mesa, Arizona 85203

8.  32 East Dawn Street
    Tempe, Arizona 85284

In addition, there is a Cross Default provision in
paragraph I on page two of the "1-4 Family Rider" which
is attached to the Deed of Trust.  This provision was not
called to the attention of plaintiffs by any of the
defendants.  Neither did any of defendants identify which
real estate they believed was included in the provision.
However, defendants were required to identify the
following additional homes in their paperwork which
plaintiffs may have signed.  Plaintiffs are uncertain if
defendants believe they have a security interest in the
following homes:

9.  783 Horton Court         Principal residence of
    Hayward, CA 94544        plaintiffs

10. 1391 Reiger Ave.         New principal residence
    Hayward, Ca 94544        of plaintiffs, being
                             finished with the money
                             provided in the loan
                             described in this suit

-12-

After Recording Return To:
```
Landmarc Capital & Investment Company
4110 North Scottsdale Road, Suite 330
Scottsdale, Arizona 85251
```
                    Loan Number: 07051063

——————————————— [Space Above This Line For Recording Data] ———————————————

# DEED OF TRUST
## (Securing Balloon Note)

This Deed of Trust is made this 18th day of MAY, 2007                    among the Trustor,
GABRIELA TATRANSKA, A SINGLE WOMAN AND DRAHOTIN TATRANSKA, A
SINGLE MAN AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP
                                                                        ("Borrower")
having the mailing address of 783 HORTON COURT, HAYWARD, CALIFORNIA 94544
Fidelity National Title Insurance Company                                        ;
the Trustee ("Trustee") having the mailing address of    11022 North 28th Drive, Suite
155, Phoenix, Arizona 85029                                                      ;
and the beneficiary, Landmarc Capital & Investment Company
                                                              , ("Lender")
a An Arizona Corporation        , having the mailing address of 4110 North Scottsdale
Road, Suite 330, Scottsdale, Arizona 85251

## TRANSFER OF RIGHTS IN THE PROPERTY
For and in consideration of that certain loan from Lender to Borrower evidenced by a balloon note of even date
herewith in the original principal amount of  SEVEN HUNDRED SEVENTY-ONE THOUSAND AND
00/100          ($ 771,000.00)  dollars having a balloon payment due on the maturity date of
JUNE 1, 2008       (as amended "Note"), and in order to secure the repayment of(a) the debt
evidenced by the Note and all renewals, extensions and modifications of the Note; (b) all sums secured by this Deed
of Trust (collectively, "Loan"),; and (c) the performance of Borrower's covenants and agreements under this Deed
of Trust and the Note.  Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the
following described property located in the
                        COUNTY  of                MARICOPA                    :
            [Type of Recording Jurisdiction]      [Name of Recording Jurisdiction]
SEE ATTACHED EXHIBIT "A"
A.P.N.: SEE EXHIBIT A

———————————————————————————————————————————————
DEED OF TRUST (SECURING BALLOON NOTE)                              DocMagic *eForms* 800-649-1362
04/20/06                          Page 1 of 9                        www.docmagic.com

which currently has the address of SEE EXHIBIT "A"

[Street]

("Property Address"):

[City]                                    [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property and all replacements and additions ("Property").

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record. Borrower represents and warrants that Borrower does not reside at the Property.

Borrower and Lender covenant and agree as follows:
1.   **Payment and Performance.**  Borrower shall pay when due all amounts required by the Note, this Deed of Trust and all other documents executed by Borrower in connection with the Loan.  Borrower shall perform all duties and do all things required by the Note, this Deed of Trust and all other documents executed by Borrower in connection with the Loan.

Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current.  Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted.  If each periodic payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds.  Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current.  If Borrower does not do so within a reasonable period of time, Lender may apply such funds.  If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure.  No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Deed of Trust or performing the covenants and agreements secured by this Deed of Trust.

2.   **Application of Payments or Proceeds.**  Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order: (a) interest; (b) amounts due under this Deed of Trust; (c) other charges; (d) principal.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date or change the amount of the periodic payments.

3.   **Funds for Escrow Items.**  Borrower shall pay to Lender on the day monthly payments are due under the Note a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Deed of Trust as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender; and (d) dues, fees or assessments imposed by a homeowners or condominium association or similar organization.  These items are called "Escrow Items."  Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section.  Borrower shall pay Lender the Funds for Escrow Items unless Lender waives in writing Borrower's obligation to pay the Funds for any or all Escrow Items.  In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require.  Lender may revoke the waiver as to any or all Escrow Items at any time by written notice, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified by law, and (b) in the amounts required by law.  Lender is not required to pay Borrower any interest or earnings on the Funds but will account to Borrower for the Funds as required by law.  If there is a deficiency of Funds held in escrow, Lender shall notify Borrower as required by law.  Borrower shall pay to Lender the amount necessary to make up the deficiency as permitted by law.

DEED OF TRUST (SECURING BALLOON NOTE)
04/20/06                                    Page 2 of 9                          *DocMagic eForms* 800-649-1362
                                                                                        www.docmagic.com

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender.

4.   **Charges; Liens.**  Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Deed of Trust, leasehold payments or ground rents on the Property, if any, and dues, fees or assessments imposed by a homeowners or condominium association or similar organization. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Deed of Trust unless Lender waives such requirement in writing in Lender's sole discretion upon such terms as determined by Lender.
Lender may require Borrower to pay charges for a real estate tax verification, title examination or other reporting service used by Lender in connection with this Loan.

5.   **Property Insurance.**  Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance, in the amounts (including deductible levels),form (including loss payee clause) and for the periods that Lender requires.  The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably.  Lender may require Borrower to pay, in connection with this Loan charges for flood zone determination, certification and tracking.  Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense.  Lender is under no obligation to purchase any particular type or amount of coverage.  Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect.  Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained.  Any amounts disbursed by Lender under this Section shall become additional debt of Borrower secured by this Deed of Trust.  These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If Lender requires, Borrower shall promptly give to Lender evidence of insurance, receipts of paid premiums and renewal notices.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender.  Lender may make proof of loss if not made promptly by Borrower.  Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened.  During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly.  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed.  Unless an agreement is made in writing or applicable law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds.  Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower.  If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Deed of Trust, whether or not then due, with the excess, if any, paid to Borrower.  Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, to the extent of Lender's interest in the insurance proceeds, Lender may file, negotiate and settle any available insurance claim and related matters.  If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim.  The 30-day period will begin when the notice is given.  In either event, or if Lender acquires the Property, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Deed of Trust, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property,

DEED OF TRUST (SECURING BALLOON NOTE)
04/20/06                                        Page 3 of 9                                        *DocMagic eFarms* 800-649-1362
                                                                                                www.docmagic.com

insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Deed of Trust, whether or not then due.

      **6.  Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless Lender determines pursuant to this Deed of Trust that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

      Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property upon reasonable notice to Borrower.

      **7.  Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities gave false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan.

      **8.  Protection of Lender's Interest in the Property and Rights Under this Deed of Trust.** If (a) Borrower fails to perform the covenants and agreements contained in this Deed of Trust, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Deed of Trust (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Deed of Trust or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Deed of Trust, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Deed of Trust; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Deed of Trust, including its secured position in a bankruptcy proceeding. Although Lender may take action under this Section, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section.

      Any amounts disbursed by Lender under this Section shall become additional debt of Borrower secured by this Deed of Trust. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

      If this Deed of Trust is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

      **9.  Assignment of Miscellaneous Proceeds; Forfeiture.** If any compensation or proceeds are paid by any third party (other than hazard insurance proceeds) for (a) damage to or destruction of all or part of the Property; (b) condemnation or taking of all or part of the Property; or (c) conveyance in lieu of condemnation ("Miscellaneous Proceeds"), such Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender subject to any first priority deed of trust which has priority over this Deed of Trust.

      If the Property is damaged, the Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Deed of Trust, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in this Deed of Trust.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Deed of Trust, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Deed of Trust immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Deed of Trust shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Deed of Trust whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Deed of Trust, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Deed of Trust. Borrower may cure such a default and, if acceleration has occurred, reinstate as provided in this Deed of Trust, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Deed of Trust. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender subject to the interest of the holder of any first priority deed of trust which has priority over this Deed of Trust.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender shall not operate to release the liability of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or successors in interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**11. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Deed of Trust but does not execute the Note (a "co-signer"): (a) is co-signing this Deed of Trust only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Deed of Trust; (b) is not personally obligated to pay the sums secured by this Deed of Trust; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Deed of Trust or the Note without the co-signer's consent.

Any successor in interest of Borrower who assumes Borrower's obligations under this Deed of Trust in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Deed of Trust. Borrower shall not be released from Borrower's obligations and liability under this Deed of Trust unless Lender agrees to such release in writing. The covenants and agreements of this Deed of Trust shall bind and benefit the successors and assigns of Lender.

**12. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Deed of Trust, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence

DEED OF TRUST (SECURING BALLOON NOTE)
04/20/06                              Page 5 of 9                    DocMagic *eForms* 800-649-1362
                                                                     www.docmagic.com

of express authority in this Deed of Trust to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Deed of Trust or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be applied to the Loan and any excess shall be refunded to Borrower.

**13. Notices.** All notices given by Borrower or Lender in connection with this Deed of Trust must be in writing. Any notice to Borrower in connection with this Deed of Trust shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless applicable law expressly requires otherwise. The notice address shall be the Property address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. There may be only one designated notice address under this Deed of Trust at any one time unless applicable law requires otherwise. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower.. Any notice in connection with this Deed of Trust shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Deed of Trust is also required by law, the requirement of such law will satisfy the corresponding requirement under this Deed of Trust.

**14. Governing Law; Severability; Rules of Construction.** This Deed of Trust shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Deed of Trust are subject to any requirements and limitations of applicable law. Applicable law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision.

**15. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than ten (10) days from the date the notice is given in accordance with this Deed of Trust within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

**16. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Deed of Trust discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Deed of Trust; (b) such other period as applicable law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Deed of Trust. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Deed of Trust and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Deed of Trust, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Deed of Trust; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Deed of Trust, and Borrower's obligation to pay the sums secured by this Deed of Trust, shall continue unchanged. Lender may require that Borrower pay such

DEED OF TRUST (SECURING BALLOON NOTE)
04/20/06                              Page 6 of 9                    DocMagic *eForms* 800-649-1362
www.docmagic.com

reinstatement sums and expenses in the following form selected by Lender, including, but not limited to: (a) cash (b) money order or (c) electronic funds transfer. Upon reinstatement by Borrower, this Deed of Trust and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under this Section.

   17. **Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Deed of Trust) can be sold one or more times without prior notice to Borrower. If there is a change of the loan servicer, Borrower will be given written notice of the change as required by law.

   18. **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Deed of Trust (but not prior to acceleration under Section 15 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than ten (10) days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Deed of Trust without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

   **If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall record a notice of sale in each county in which any part of the Property is located and shall mail copies of the notice as prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. After the time required by applicable law and after publication and posting of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place designated in the notice of sale. Trustee may postpone sale of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

   **Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be *prima facie* evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Deed of Trust; and (c) any excess to the person or persons legally entitled to it or to the county treasurer of the county in which the sale took place.**

   19. **Release.** Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Deed of Trust, if permitted under applicable law.

   20. **Substitute Trustee.** Lender may, for any reason or cause, from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

   21. **Time of Essence.** Time is of the essence in each covenant of this Deed of Trust.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Deed of Trust and in any rider executed by Borrower and recorded with it.

Witnesses:

_____    _____

_____ (Seal)     _____ (Seal)
GABRIELA TATRANSKA          -Borrower       DRAHOTIN TATRANSKA          -Borrower

_____ (Seal)     _____ (Seal)
                            -Borrower                                   -Borrower

_____ (Seal)     _____ (Seal)
                            -Borrower                                   -Borrower

DEED OF TRUST (SECURING BALLOON NOTE)
04/20/06                        Page 8 of 9                  DocMagic eForms 800-649-1362
                                                            www.docmagic.com

Loan Number: 07051063

# 1-4 FAMILY RIDER
## (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this   18th day of   MAY, 2007                        ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Note to   Landmarc Capital & Investment Company, An
Arizona Corporation
(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

SEE EXHIBIT "A", , ARIZONA

[Property Address]

1-4 FAMILY COVENANTS. In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT. In addition
to the Property described in the Security Instrument, the following items are added to the Property
description, and shall also constitute the Property covered by the Security Instrument: building materials,
appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be
used in connection with the Property, including, but not limited to, those for the purposes of supplying or
distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing
apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks,
ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors,
screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, panelling and attached floor
coverings now or hereafter attached to the Property, all of which, including replacements and additions
thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of
the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the
Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument
as the "Property."

B. USE OF PROPERTY; COMPLIANCE WITH LAW. Borrower shall not seek, agree to or
make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to
the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any
governmental body applicable to the Property.

C. SUBORDINATE LIENS. Except as permitted by federal law, Borrower shall not allow any lien
inferior to the Security Instrument to be perfected against the Property without Lender's prior written
permission.

D. RENT LOSS INSURANCE. Borrower shall maintain insurance against rent loss in addition to
the other hazards for which insurance is required by Uniform Covenant 5.

E. "BORROWER'S RIGHT TO REINSTATE" DELETED. Uniform Covenant 18 is deleted.

F. BORROWER'S OCCUPANCY. Unless Lender and Borrower otherwise agree in writing, the
first sentence in Uniform Covenant 6 concerning Borrower's occupancy of the Property is deleted. All
remaining covenants and agreements set forth in Uniform Covenant 6 shall remain in effect.

G. ASSIGNMENT OF LEASES. Upon Lender's request, Borrower shall assign to Lender all leases
of the Property and all security deposits made in connection with leases of the Property. Upon the

MULTISTATE 1-4 FAMILY RIDER - Single Family
FNMA/FHLMC UNIFORM INSTRUMENT
Form 3170  9/90                                   Page 1 of 3

DocMagic €Forms 800-649-1362
www.docmagic.com

assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

   H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION. Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to paragraph 21 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

   If Lender gives notice of breach to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

   If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Uniform Covenant 7.

   Borrower represents and warrants that Borrower has not executed any prior assignment of Rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph.

   Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

   I. CROSS-DEFAULT PROVISION. Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_____ (Seal)
GABRIELA  TATRANSKA          -Borrower

_____ (Seal)
DRAHOTIN  TATRANSKA          -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

MULTISTATE 1-4 FAMILY RIDER - Single Family
FNMA/FHLMC UNIFORM INSTRUMENT
Form 3170  9/90                    Page 3 of 3

*DocMagic* *eForms* 800-649-1362
www.docmagic.com

Law Offices of Moss & Murphy
Attn: Moss, Glen L.
1297 B Street
Hayward, CA 94541

JUN 1 1 2008
Rec'd
Moss & Murphy

## Superior Court of California, County of Alameda

| | |
|---|---|
| Tatranska<br>                     Plaintiff/Petitioner(s)<br>        vs.<br>Landmarc Capital & Investment Co.<br>              Defendant/Respondent(s)<br>        (Abbreviated Title) | No. HG08391422<br><br>NOTICE OF CASE MANAGEMENT<br>CONFERENCE AND ORDER<br>Unlimited Jurisdiction |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
    Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: 10/21/2008<br>Time: 08:30 AM | Department: 512<br>   Location: **Hayward Hall of Justice**<br>           **2nd Floor**<br>           **24405 Amador Street, Hayward  CA 94544**<br>      Internet: **http://www.alameda.courts.ca.gov** | Judge: Barbara J. Miller<br>Clerk: Jean Linzmeier<br>Clerk telephone: (510) 690-2721<br>E-mail:<br>Dept.512@alameda.courts.ca.gov<br>Fax: (510) 267-1529 |

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

   *Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

    Executed on 06/10/2008.

                                  By    _Jean A. Angles_
                                                 Deputy Clerk

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005 *(Revised March 2008)*

Instructions to Plaintiff / Cross-Complainant

---

> In all general civil cases filed in the trial courts after June 30, 2001, **the plaintiff is**
> **required to serve a copy of this ADR information package on each defendant.**

California Rules of Court, Rule 3.221 *(excerpt)*

(a)    **Court to provide information package**

   Each court must make available to the plaintiff, at the time the complaint is
   filed in all general civil cases, an alternative dispute resolution (ADR)
   information package that includes, at a minimum, all of the following:

   (1)    General information about the potential advantages and disadvantages of
          ADR and descriptions of the principal ADR processes....

   (2)    Information about the ADR programs available in that court....

   (3)    In counties that are participating in the Dispute Resolution Programs
          Act (DRPA), information about the availability of local dispute resolution
          programs funded under the DRPA....

   (4)    An ADR stipulation form that parties may use to stipulate to the use
          of an ADR process.

(b)    **Court may make package available on Web site....**

(c)    **Plaintiff to serve information package**

   In all general civil cases, the plaintiff must serve a copy of the ADR
   information package on each defendant together with the complaint. Cross-
   complainants must serve a copy of the ADR information package on any
   new parties to the action together with the cross-complaint.

GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties do not have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Rev. March 2008

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal, much quicker, and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California:

(1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases, "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision.

(2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

Rev. March 2008

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.alameda.courts.ca.gov/adr/index.html

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/consumer/mediation_programs.shtml

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 1-800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://members.calbar.ca.gov/search/ba_results.aspx?txtan=&txtln=&County=&District=&ClassTypes=C

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators".

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://www.smogcheck.ca.gov/StdPage.asp?Body=/Geninfo/Otherinfo/Mediation.htm#What%20is%20a%20Media tor or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

Rev. March 2008

DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

East Bay Community Mediation
1968 San Pablo Avenue, Berkeley, CA 94702-1612

Phone: (510) 548-2377;  Fax: (510) 548-4051
http://www.ebcm.org/

EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

Catholic Charities of the East Bay: Oakland – Main Office
433 Jefferson Street, Oakland, CA 94607

Phone: (510) 768-3100;  Fax: (510) 451-6998
http://www.cceb.org/

Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also, provide free workshops in anger management and mediation.

Center for Community Dispute Settlement
291 McLeod Street, Livermore, CA 94550

Phone: (925) 373-1035;  Fax: (925) 449-0945
http://www.trivalleymediation.com/

Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

ALAMEDA COUNTY SUPERIOR COURT
ADR PROGRAM

#### ADR Program Administrator

Pursuant to California Rules of Court, rule 10.783, the presiding judge of the Superior Court of California, County of Alameda designated the Court Executive Officer to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate, or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted during regular court business hours at (510) 690-2705.

#### The Judicial Arbitration Process

##### Appointment of Arbitrator (must be appointed within 30 days after referral per CRC 3.815(c)(2)).

⇒   Parties mailed list of five names from which to select (list mailed within 5-10 business days after receipt of referral).

⇒   Each party may reject one of the names listed (10 calendar days per CRC 3.815(b)(3)).

⇒   The administrator randomly appoints the arbitrators from the names remaining on the list or if one name remains than that name is deemed appointed (CRC 3.815(4)).

##### Assignment of Case (CRC 3.817)

⇒   Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

##### Hearings (CRC 3.817)

⇒   Must be scheduled to be completed not more than 90 days from the date the arbitrator was assigned. For good cause shown, a Judge may continue the case beyond this 90-day period.

##### Award of Arbitrator

⇒   The arbitrator must file an award within 10 days of the conclusion of the arbitration hearing. The arbitrator may apply to the court for an additional 20 days in cases of unusual length or complexity (CRC 3.825(b)).

⇒   Within 30 days of the filing of the award, a party may file a request for trial (CRC 3.826(a)).

⇒   The clerk must immediately enter the arbitration award as a judgment if no party has served and filed a request for trial during the 30-day period after the award is filed (CRC 3.827).

#### Return of Case to Court

⇒   Upon the filing of a request for trial, the action must proceed as provided under an applicable case management order or, if there is no pending order, promptly set for a case management conference. (CRC 3.826(b)).

⇒   When a judgment is entered, the clerk will notify all parties who have appeared in the case including the judge to whom the case is assigned if there is one (CRC 3.827(b)).

⇒   If a case is settled then each plaintiff or other party must notify the arbitrator and the court as required under California Rules of Court, rule 3.1385 (CRC 3.829).

Rev. March 2008

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| ☐ Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | ☐ Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | ☐ Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 |
| ☐ George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 | ☐ Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | ☐ René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 |
| | ☐ Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 | |

Case No.:

Plaintiff

vs.

**STIPULATION FOR ALTERNATIVE
DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered and good cause appearing, now therefore, IT

IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated:

_____

JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev. March 2008

# EXHIBIT B

*6757155*

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

GLEN L. MOSS, ESQ., SBN 44307
1297 B STREET, HAYWARD, CA 94541

TELEPHONE NO.: 510-583-1155    FAX NO. *(Optional):* 510-583-1299
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*  PLAINTIFF

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS:  22405 AMADOR ST.
MAILING ADDRESS:
CITY AND ZIP CODE:  HAYWARD, CA 94544
BRANCH NAME:

PLAINTIFF/PETITIONER: Tatranska

DEFENDANT/RESPONDENT: Landmarc, et. al.

**PROOF OF SERVICE OF SUMMONS**

FOR C.

**FILED**
ALAMEDA COUNTY

JUL  9 2008

CLERK OF THE SUPERIOR COURT
By_____
                                    Deputy

CASE NUMBER:
HG08391422

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  ☒ summons
    b.  ☒ complaint
    c.  ☒ Alternative Dispute Resolution (ADR) package
    d.  ☒ Civil Case Cover Sheet *(served in complex cases only)*
    e.  ☐ cross-complaint
    f.  ☒ other *(specify documents):* Notice of Case Management Conference & Order

3.  a. Party served *(specify name of party as shown on documents served):*

    **Landmarc Capital & Investment Co**

    b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
       under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

       Jeff Peterson – V.P.

4.  Address where the party was served:    4110 N Scottsdale Rd St 330
                                            Scottsdale, AZ 85251

5.  I served the party *(check proper box)*
    a.  ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party  (1) on *(date):* 6/17/08    (2) at *(time):* 1:18PM
    b.  ☐ **by substituted service.** On *(date):*                at *(time):*              I left the documents listed in item 2 with or
        in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) ☐  (business) a person at least 18 years of age apparently in charge at the office or usual place of business
               of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
               place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐  (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
               address of the person to be served, other than a United States Postal Service post office box. I informed
               him or her of the general nature of the papers.

        (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
               at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
               *(date):*          from *(city):*              or ☐ a declaration of mailing is attached.

        (5) ☐  I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: Tatranska | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Landmarc, et. al. | HG08391422 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                      (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* Landmarc Capital & Investments Co.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Michael Vera
  b. Address:  7150 E. Camelback Road, Suite 444, Scottsdale, AZ 85251
  c. Telephone number: 480.314.5050
  d. The fee for service was: $90.00
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☒ independent contractor. LEAVITT PROCESS SERVICE
      (ii) Registration No.: 7387        24728 MAGNOLIA ST., HAYWARD, CA 94545
      (iii) County: Maricopa          510-783-9523

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 6/30/08

Michael Vera
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

*6758554*

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

GLEN L. MOSS, ESQ., SBN 44307
1297 B STREET, HAYWARD, CA 94541

TELEPHONE NO: 510-583-1155    FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): PLAINTIFF

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 24405 AMADOR ST.
MAILING ADDRESS:
CITY AND ZIP CODE: HAYWARD, CA 94544
BRANCH NAME:

PLAINTIFF/PETITIONER: TATRANSKA

DEFENDANT/RESPONDENT: LANDMARC, ET AL

PROOF OF SERVICE OF SUMMONS

FOR COURT USE ONLY

FILED
ALAMEDA COUNTY

JUN 2 6 2008

CLERK OF THE SUPERIOR COURT
By _Patsy Smith_
                      Deputy

CASE NUMBER:
HG08391422

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* CIVIL CASE COVER SHEET, NOTICE OF CASE MANAGEMENT CONFERENCE
3. a. Party served *(specify name of party as shown on documents served):*
      LANDMARC CAPITAL AND INVESTMENT CO. OF CALIFORNIA AS "DOE 3"

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      MARC R. TOW, AGENT FOR SERVICE
4. Address where the party was served:
   3920 BIRCH ST., SUITE 102, NEWPORT BEACH, CA 92660
5. I served the party *(check proper box)*
   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process (1) on *(date):* 6-17-08    (2) at *(time):* 3:55PM
   b. ☐ by substituted service. On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10
American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: TATRANSKA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LANDMARC, ET AL | HG08391422 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                    (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify):*  LANDMARC CAPITAL & INVESTMENT CO. OF CALIF. AS "DOE 3"
      under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
|  | ☐ other: |

7. Person who served papers
   a. Name: MARIO ALVAREZ
   b. Address: LEAVITT PROCESS SERVICE, 24728 MAGNOLIA ST., HAYWARD, CA 94545
   c. Telephone number: 510-783-9523
   d. The fee for service was: $ 80.00
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑ a registered California process server:
         (i) ☐ owner  ☐ employee  ☑ independent contractor.
         (ii) Registration No.: 1436
         (iii) County:  Los Angeles

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 6-17-08

_____ *Mario Alvarez* ▶       *Mario Alvarez*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE)



Superior Court of California, County of Alameda

## Notice of Judicial Assignment for All Purposes

Case Number: HG08391422
Case Title:    Tatranska VS Landmarc Capital & Investment Co.
Date of Filing: 06/06/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

|  |  |
|---|---|
| Judge: | Barbara J. Miller |
| Department: | 512 |
| Address: | Hayward Hall of Justice |
|  | 24405 Amador Street |
|  | Hayward  CA  94544 |
| Phone Number: | (510) 690-2721 |
| Fax Number: | (510) 267-1529 |
| Email Address: | Dept.512@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Barbara J. Miller
DEPARTMENT 512

Page 1 of 3

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 512
- Phone: 1-866-223-2244

Dated: 06/09/2008

Executive Officer / Clerk of the Superior Court

By  _~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~_

Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/10/2008

By  _~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~_

Deputy Clerk

‖‖‖‖‖‖‖‖‖‖‖‖
*6790086*

1  MICHAEL J. FOX (Bar No. 170854)
   CHRISTOPHER E. DEAL (Bar No. 186754)
2  17911 Von Karman Avenue, Suite 300
   Irvine, CA 92614-6253
3  Telephone: (949) 622-4303
   Facsimile: (949) 622-5756
4
5  Attorneys for Defendant
   FIDELITY NATIONAL TITLE INSURANCE COMPANY,
6  a California corporation

F I L E D
ALAMEDA COUNTY

JUN 1 9 2008

CLERK OF THE SUPERIOR COURT
By _____
                    Deputy

7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9              COUNTY OF ALAMEDA - HAYWARD BRANCH

10  GABRIELA TATRANSKA and              )   CASE NO.  HG08391422
    DRAHOTIN TATRANSKY, etc.,           )
11                                      )   DECLARATION OF NONMONETARY
                                        )   STATUS
12              Plaintiff,              )
                                        )   [CC §§2924L]
13         vs.                          )
                                        )
14  LANDMARC CAPITAL & INVESTMENT       )
    CO.; FIDELITY NATIONAL TITLE        )
15  INSURANCE COMPANY, et al.           )
                                        )
16              Defendants.             )
    _____)

17

18

19      I, Michael J. Fox, declare under penalty of perjury as follows:

20      1.   I am an attorney licensed to practice before all courts in the State of California.

21  I am one of the attorneys for defendant, Fidelity National Title Insurance Company

22  ("Fidelity").

23      2.    Fidelity is that trustee under the deed of trust that is the subject of this

24  proceeding;

25      3.   Fidelity maintains a reasonable belief that it has been named as a defendant in

26  the proceeding solely in its capacity as a trustee under the deed of trust and no damages,

27  court costs or attorney fees are sought against Fidelity;

28

H:\docs\dauvil\L37408                    1              Declaration of Non-monetary status

FAXED

1      4. Fidelity maintains a reasonable belief that it has been not been named as a

2   defendant due to any acts or omissions on its part in the performance of its duties as

3   trustee;

4      5. The basis for Fidelity's reasonable belief is the language of the complaint;

5      6. Fidelity agrees to be bound by whatever order or judgment is issued by the Court

6   regarding the subject deed of trust.

7      IT IS RESPECTFULLY REQUESTED that Fidelity and its attorneys in this action be

8   removed from any notice requirements concerning the above entitled action.

9

10   DATED: June 19, 2008

11                                         Michael J. Fox
                                           Attorney for defendant
12                                         Fidelity National Title Insurance Company

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

H:\docs\dauvin\L37408                    2            Declaration of Non-monetary status

1

2    STATE OF CALIFORNIA, COUNTY OF ORANGE

<u>PROOF OF SERVICE</u>

3       I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within entitled action; my business address is 17911 Von Karman Avenue, Suite 300, Irvine,

4    California 92614.

5       On June 19, 2008, I served the foregoing document(s) described as **DECLARATION OF NONMONETARY STATUS** on the interested parties in said action:

6

7      [√]    By placing    [ ] the original  [√] a true copy thereof enclosed in a sealed envelope addressed as follows:

8                            SEE ATTACHED SERVICE LIST

9      [√]    **(BY MAIL)** I deposited such envelope in an internal collection basket. The envelope was

10           mailed with postage thereon fully prepaid from Irvine, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with

11           the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if a postal cancellation date or postage

12           meter date is more than one day after date of deposit for mailing in affidavit.

13      [ ]    **(BY FEDEX OVERNIGHT)** I caused such envelope to be delivered to an authorized courier or driver authorized by FedEx to receive documents, in an envelope or package designated

14           by FedEx with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the

15           cause and served on the party making service; otherwise at that party's place of residence.

16      [ ]    **(FACSIMILE)** I faxed such document from Irvine, California to the facsimile number(s) shown on the attached service list. The sending facsimile machine number is (949) 622-

17           5756. The transmission was reported as complete and without error and the transmission report was properly issued by the transmitting facsimile machine

18

19      [ ]    **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.

20      [ ]    **(FACSIMILE)** I faxed such document from Irvine, California to the facsimile number(s)

21           shown on the attached service list. The sending facsimile machine number is (949) 622-5756.

22      [√]    **(STATE)** I declare under the penalty of perjury under the laws of the State of California, that

23           the foregoing is true and correct.

24      [ ]    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25       Executed on June 19, 2008, at Irvine, California.

26

27               _____
                        Dolly A. Auvil

28

1

<u>SERVICE LIST</u>

2

<u>Tatranska, etc. v. Landmarc; Fidelity National Title, et al.</u>

3

ACSC - CASE NUMBER: HG08391422

4

File Number: L37408

5    Glenn L. Moss
     Ann Murphy                           Attorneys for Plaintiffs
6    **MOSS and MURPHY**
     1297 B Street
7    Hayward, CA 94541

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

✎ JS 44   (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Gabriela Tatranska and Drahotin Tatransky

## DEFENDANTS

Landmarc Capital & Investment Co., Steven Daggett, Fidelity National Title Insurance Company, Does 1 through 25, inclusive

**(b)** County of Residence of First Listed Plaintiff  Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Moss and Murphy
1297 B Street
Hayward, CA  94541
510-583-1155

Attorneys (If Known)

Folger Levin & Kahn LLP
Embarcadero Center West, 275 Battery Street, 23rd Floor
San Francisco, CA  94111
415-986-2800

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1601, et seq.
Brief description of cause:
Truth in Lending Act; HOEPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ 771     CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)     ☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE   7/17/08     SIGNATURE OF ATTORNEY OF RECORD