FOLGER LEVIN & KAHN LLP
Andrew J. Davis (CSB No. 203345, ddavis@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Defendant
LANDMARC CAPITAL & INVESTMENT CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GABRIELA TATRANSKA and DRAHOTIN TATRANSKY,<br><br>Plaintiffs,<br><br>v.<br><br>LANDMARC CAPITAL & INVESTMENT CO., STEVEN DAGGETT, FIDELITY NATIONAL TITLE INSURANCE COMPANY, DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | Case No. CV-08-3450 SI<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT LANDMARC CAPITAL & INVESTMENT CO.'S MOTION TO DISMISS COMPLAINT**<br><br>Date: October 10, 2008<br>Time: 9:00 a.m.<br>Judge: Honorable Susan Illston<br>Courtroom: 10, 19th Floor<br><br>Complaint filed in State Court: June 6, 2008 |

1  On October 10, 2008, at 9:00 a.m., the motion brought by Defendant Landmarc Capital & Investment Co. ("Landmarc Capital") to dismiss the Complaint of Plaintiffs Gariela Tatranska and Drahotin Tatranksy (collectively, "Plaintiffs" or "the Tatranska's") came on for hearing.  After full consideration of the points and authorities and all supporting documents submitted by counsel, as well as the oral argument by counsel, for good cause shown:

**IT IS HEREBY ORDERED** that Landmarc Capital's Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction, and Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, is GRANTED.  Because the Plaintiffs cannot amend their complaint to establish jurisdiction or to state a cause of action, the Complaint is dismissed with prejudice, without leave to amend, as explained more fully below.

1.  This Court lacks personal jurisdiction over Landmarc Capital, and thus the motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) is granted.  Plaintiffs bear the burden of demonstrating that this Court has jurisdiction over Landmarc Capital.  *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801 (9th Cir. 2004).  Here, Landmarc Capital merely provided a loan to Plaintiffs that was payable in Arizona and secured by Arizona real property.  Landmarc Capital never sent a representative to California to negotiate with the Tatranskas, does not regularly do business in California and does not hold a license to do business in California.  Accordingly, Landmarc lacks sufficient "continuous and systematic" contacts with California to support the exercise of general jurisdiction.  *See Bancroft v. Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (noting that factors to be considered for purposes of assessing general jurisdiction include "whether the defendant makes sales, solicits, or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there.")

2.  In addition, Plaintiffs cannot establish specific jurisdiction over Landmarc Capital.  California's long-arm statue extends jurisdiction to the extent permitted by due

process, and thus jurisdiction may be exercised over Landmarc Capital only if Landmarc Capital has "minimum contacts" with California such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *F.D.I.C. v. British-Amer. Ins. Co., Ltd.*, 828 F.2d 1439, 1441-2 (9th Cir. 1987). In determining whether the requisite minimum contacts have been established, courts require the plaintiff to establish three separate elements *(see Schwarzeneggar v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004)), none of which are present in this case. First, Landmarc Capital did not "purposefully avail" itself of the privilege of conducting activities in California. *See Schwarzeneggar v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004). Here, Landmarc Capital did not accept any California property as collateral for the Loan, and did not travel to or execute loan documents in California. As courts have previously held, the mere fact that Landmarc Capital entered into a contract with an in-state resident is not sufficient to satisfy the purposeful availment requirement. *See, e.g., British-Amer. Ins. Co.*, 828 F.2d at 1441-2 . Second, the claim does not "arise[] out of or relate[] to the defendant's forum-related activities. *See Schwarzeneggar,* 374 F.3d at 802. To the contrary, the allegations of Plaintiffs complaint – even if credited – merely assert that certain loan documents prepared in Arizona violated federal statutes. Thus, the purported claims against Landmarc Capital would have arisen regardless of any alleged connection to California. Third, the exercise of jurisdiction by California would not "be reasonable" (*id.*), particularly given the fact that the loan documents were prepared in Arizona, are governed by Arizona law, and are secured by Arizona properties.

3. Even if the Court could exercise jurisdiction over Landmarc Capital, Plaintiffs Complaint fails to state a claim, and is therefore dismissed under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs first cause of action against Landmarc Capital seeks rescission under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1602(a) and 1639. The right to rescission under these statutes applies only where the security interest is the "principal dwelling of the person to whom credit is extended." *See* 15 U.S.C. §

1635. Here, the Complaint acknowledges that that the security for the loan consisted of "investment properties," not the Plaintiffs' principal dwelling. (Complaint ¶ 8.) Accordingly, Plaintiffs fail to state a claim for rescission.

4. Plaintiffs remaining cause of action against Landmarc Capital also fails to state a claim. Plaintiffs second cause of action seeks civil damages under TILA and HOEPA. However, such a claim must be brought "within one year from the date of occurrence of the violation." 15 U.S.C. § 1640(e); *see also Monaco v. Bear Sterns Residential Mtg Corp.*, 2008 WL 867727 (C.D. Cal. 2008) (stating that the provision requires the filing of suit within one year of the "the date of consummation of the transaction."). Here, the Complaint alleges that the loan was made on May 18, 2007, and the present action was not filed until June 6, 2008. Accordingly, Plaintiffs claim for civil damages is time barred.

**IT IS SO ORDERED.**

Dated: _____, 2008

_____
Susan Illston
United States District Judge

57510\2001\610990.1